### BUTLER v. BAUDOUINE et al.

(Supreme Court, Appellate Division, First Department. June 5, 1903.)

1. BANKRUPTCY—RIGHT OF TRUSTEE TO SURPLUS INCOME OF TRUST ESTATE.

    Under Real Property Law, § 78 (Laws 1896, p. 571, c. 547), providing that where a trust is created to receive the rents and profits of real estate, and no valid direction for accumulation is given, the surplus beyond the sum necessary for the education and support of the beneficiary shall be liable to the claims of his creditors in the same manner as other personal property which cannot be reached by execution; and

section 83 (Laws 1896, p. 572, c. 547), providing that the right of a bene-
ficiary of an express trust to receive rents and profits of real property,
and apply them to the use of any person, cannot be transferred; and
section 80 (Laws 1896, p. 572. c. 547), providing that the beneficiary shall
not take any legal estate or interest in the property, and can only enforce
the trust in equity—where property is devised to trustees, to apply the
rents and profits to the use of B. personally for life, the surplus income
does not vest in his trustee in bankruptcy, under Bankr. Law 1898, § 70,
subd. 5, Act July 1, 1898, 30 Stat. 566, c. 541 [U. S. Comp. St. 1901, p.
3451], vesting in a trustee in bankruptcy all property which prior to the
filing of the petition the bankrupt could by any means have transferred,
or which might have been levied on and sold under judicial process
against him.

Appeal from Special Term, New York County.

Action by Willard P. Butler, trustee in bankruptcy of John F.
Baudouine, against Charles A. Baudouine and another, trustees under
the will of Charles A. Baudouine, deceased. From an interlocutory
judgment overruling a demurrer to the complaint, defendants appeal.
Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-
TERSON, INGRAHAM, and LAUGHLIN, JJ.

J. A. Garver, for appellants.
R. A. Paddock, for respondent.

PATTERSON, J. In this action a trustee in bankruptcy seeks
to reach surplus income to which a bankrupt was entitled under the
will of his grandfather. The allegations of the complaint are that
the income aggregates $35,000, and that $18,000 is sufficient for the
support of the bankrupt and his family. The action is against the
defendants as trustees, and they demur to the complaint on the
ground that the action cannot be maintained, inasmuch as, under
the seventieth section of the bankruptcy law, the assignee is entitled
only to take property of the bankrupt; that that section does not
relate to property acquired subsequent to the adjudication; and on
the more important ground that under the statute of the state of
New York relating to trusts to receive the rents, issues, and profits
of property, and apply them to the use of a third person, the interest
of the beneficiary is inalienable, except that, under section 78 of the
real property law (Laws 1896, p. 571, c. 547), the surplus, beyond
what may be necessary for the education and support of the benefi-
ciary, is liable to the claims of his creditors in the same manner as
other personal property which cannot be reached by execution. The
right of the plaintiff sought to be enforced in this case must arise, if
it exists at all, under the fifth subdivision of section 70 of the bank-
ruptcy act (Act July 1, 1898, c. 541, 30 Stat. 566 [U. S. Comp. St.
1901, p. 3451]), by which are vested in a trustee all the estate of the
bankrupt and "property which prior to the filing of the petition, he
could by any means have transferred or which might have been levied
upon and sold under judicial process against him." The bankrupt
in this case is the beneficiary under the will of his grandfather Charles
Baudouine, and is entitled during his life to the net income derived
from a quarter of the residuary estate of the testator, left in trust
with the defendants Charles A. Baudouine and John F. Baudouine
under the following provision of the testator's will, viz.:

"To apply the remaining rents, issues, profits and income to the use of my said grandson John F. Baudouine, personally; and after his death, in case he dies before my said grandson Charles A. Baudouine, Jr., to the use of the lineal descendants of the said John F. Baudouine, if any him surviving, in equal shares, per stirpes and not per capita; or if none surviving, then to the use of said Charles A. Baudouine, Jr., personally."

This trust is an active express trust, under the third subdivision of the fifty-fifth section of the statute of uses and trusts, now section 76 of the real property law (Laws 1896, p. 571, c. 547). The interest of the beneficiary in such a trust is inalienable. By section 63 of the statute of uses and trusts, now section 83 of the real property law (Laws 1896, p. 572, c. 547), it is provided that:

"The right of a beneficiary of an express trust to receive rents and profits of real property and apply them to the use of any person, cannot be transferred by assignment or otherwise, but the right and interest of the beneficiary of any other trust, may be transferred."

It is also provided by section 80 of the real property law (Laws 1896, p. 572, c. 547) that the beneficiary shall not take any legal estate or interest in the property, and he can only enforce the trust in equity.

We will regard it as conceded by the demurrer in this case that there is a surplus of income to which the bankrupt would be entitled, over and above that which is necessary for the support of himself and family. Section 78 of the real property law (it is, of course, well understood that the provision of the statute of the state of New York now considered applies to personal as well as real property) provides that where a trust is created to receive the rents and profits of real property, and no valid direction for accumulation is given, the surplus of such rents and profits, beyond the sum necessary for the education and support of the beneficiary, shall be liable to the claims of his creditors· in the same manner as other personal property which cannot be reached by execution. It would be profitless, in disposing of this case, to go at length into the consideration of many matters which have been adverted to and discussed in argument, such as the nature and purpose ·of bankruptcy laws, and the general rights of trustees in bankruptcy respecting the property of the bankrupt. The question now before us is a very simple one, viz., whether the surplus income in a trust for the benefit of the bankrupt here passes to the trustee in bankruptcy, or not. It must depend, for solution, upon the provisions of the statutory law of the state of New York. That it is inalienable by the beneficiary is plain. That it may be reached by proceedings in invitum by certain creditors is also plain. But it does not necessarily follow therefrom that the rights with which creditors are vested by the provisions of the seventy-eighth section of the statute are, by operation of law, or otherwise, transferred to a trustee in bankruptcy, so that they may be enforced for the benefit of creditors generally. In this respect our views differ radically from those expressed in Brown v. Barker, 68 App. Div. 594, 74 N. Y. Supp. 43, where the subject is discussed quite elaborately; but, as would appear from the report of the case, its consideration was not necessary to a determination of that particular controversy.

The provisions of section 78 of the real property law, making

the surplus income of trust property liable to creditors, do not contemplate and do not have the effect of creating a fund in which all creditors are at once or equally interested. The surplus is liable to claims of creditors in the same manner as other personal property which cannot be reached by execution. The provision implies in its very terms and assumes that the surplus cannot be reached by legal process. If this section of the statute constituted the surplus—a fund for equal or general distribution among all creditors—another view might prevail; but, as a necessary consequence of its phraseology and intent, a creditor seeking the benefit of it must put himself in the attitude of one entitled to maintain a creditors' bill, namely, he must have obtained a judgment, liquidated his claim thereby, sought to enforce it by execution, and found that effort abortive by reason of the return of the execution unsatisfied. The section, to some extent, enlarges the rights of creditors, and puts within their reach that which otherwise would be inaccessible to them for the satisfaction of their claims, but it is not to be expanded by a supposed liberal construction which would simply have the effect of nullifying it. The right is given, and an exclusive method of enforcement of that right is pointed out. In Dittmar v. Gould, 60 App. Div. 94, 69 N. Y. Supp. 708, it was held that the provisions of section 78 of the real property law were for the benefit only of creditors who have recovered judgments against the beneficiary, and executions issued thereon have been returned wholly or partially unsatisfied; and it was pointed out that sections 1871–1879 of the Code of Civil Procedure, provide the only method by which personal property held in trust, and which cannot be reached by execution, can be applied to the payment of the bankrupt's debts. Hence it is not a provision for creditors at large. It is one solely for judgment creditors. It gives no right to any other person, and in no way confers a power upon the beneficiary to make a disposition of surplus income for the benefit of any of his creditors. If we are right in assuming that the trustee in bankruptcy must claim under the fifth subdivision of the seventieth section of the bankruptcy act, then we are of opinion that the bankrupt had no right or power, prior to the filing of the petition, "by any means whatever," to transfer any of this surplus, and it was not property which could have been levied upon and sold under any judicial process against him. It could not be attached, and it could not be taken under execution. It would not pass to a receiver in supplementary proceedings, and could only be reached in equity in the manner indicated.

We have confined ourselves, in disposing of this case, to the statutory provisions relating to the inalienability of the income of the trust estate, and to the right of creditors to resort to surplus income not required for the support of the beneficiary. We find, as the barrier to the plaintiff's successful assertion of a claim to that surplus, the requirement that none but a judgment creditor, with his remedy at law exhausted, is entitled to reach it. Our decision is placed on that ground alone.

The only relaxation of the law which makes the income inalienable, or the integrity of the trust, as created by the testator, de-

structible, is in favor of judgment creditors—specifically such. The beneficiary's right to the whole income is cut down only in their favor. We do not think a trustee in bankruptcy is clothed with the privileges of a judgment creditor, under the terms of the New York statute. That he would be invested with such rights with respect to property belonging to the bankrupt, or which the bankrupt "could by any means" assign or dispose of, may be true. Hence, for the purpose of setting aside fraudulent conveyances, the trustee in bankruptcy would be regarded as standing in the position of a judgment creditor, both by the terms of the bankruptcy act, which permits him to attack such conveyances, and in accordance with many adjudicated cases. In re Leland, 10 Blatchf. 503, Fed. Cas. No. 8,234; In re Duncan, Fed. Cas. No. 4,131; Southard v. Benner, 72 N. Y. 424. But in those cases the property sought to be reached was the property of the bankrupt, as to which he had the right or power of disposal, and which might be reached by execution.

Under the provisions of the real property law of New York we have been considering, the bankrupt has no control over the income of the trust fund. The trust is preserved intact, except to the extent of the authority given to a court of equity to apply so much of the income as may not be required for the support and maintenance of the debtor to the payment of his debts to a certain class of creditors, which is a way of applying it to the use of a beneficiary. The right which the beneficiary has is a personal right to enforce the trust in equity, which is not an assignable right. A trustee in bankruptcy would take only such rights and interest as the bankrupt himself has, and can claim and assert at the time of his bankruptcy. The bankrupt's right here is limited to the enforcement of the trust, and he is entitled to enforce it to the extent of receiving the whole income until the surplus is taken away from him by a decree of a court of equity founded upon a judgment creditor's right. It is altogether just and equitable that the surplus income should go to creditors, and there is nothing in the way of reaching it, except the provisions of the bankrupt act, or an injunction of the bankruptcy court prohibiting creditors from suing, and a discharge in bankruptcy, which would destroy the debt, and thus prevent the recovery of a judgment upon which a creditors' action must be brought. But it may be within the power and jurisdiction of the bankruptcy court to so control the bankruptcy proceeding as to permit the creditors to enforce their claims under the New York statute.

If we are right in holding that the trustee in bankruptcy cannot be regarded as standing in the position of a judgment creditor, within the meaning of the seventy-eighth section of the real property law, then, following what was held in Dittmar v. Gould, supra, we are forced to the conclusion that this particular action, under the allegations of the present complaint, will not lie; that the demurrer should have been sustained; and that the interlocutory judgment must be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend his complaint, if he be so advised, within 20 days, on payment of costs in this court and in the court below. All concur.