### In re TIFFANY.

(District Court, S. D. New York. August 15, 1906.)

1. BANKRUPTCY—DISCHARGE—GROUNDS FOR REFUSING—JUDGMENT OF STATE COURT IN SUIT BY TRUSTEE.

The judgment of a state court, in a suit brought by a bankrupt's trustee, refusing to set aside a transfer of property made by the bankrupt as fraudulent, concludes creditors, who cannot thereafter set up the same ground to defeat the bankrupt's discharge.

2. SAME—WITHHOLDING DISCHARGE TO PERMIT SUIT BY CREDITOR IN STATE COURT.

Where a state statute gives judgment creditors the right to proceed in equity to reach surplus income of the debtor in case of certain trusts, which cannot be reached by execution, but does not give such right to a trustee in bankruptcy, a court of bankruptcy may, in its discretion, when equity requires it, delay the granting of a discharge to a bankrupt and permit judgment creditors, whose judgments would be extinguished by the discharge, to institute and prosecute suits under such statute, to reach income derived by the bankrupt from a trust estate, for their own benefit.

In Bankruptcy. On motion to confirm commissioners' report recommending a discharge and application of sundry creditors to delay the same.

Benjamin Tuska, for bankrupt.
Daniel Daly, for objecting creditors.
Selden Bacon, for creditors asking delay.
L. M. Berkeley, for trustee.

HOUGH, District Judge. In April, 1903, the bankrupt was insolvent, and has by his own admission continued so to be. He was (and is) in this condition, although in receipt of an income derived from the trust estate of his father, paid to him weekly, and aggregating $18,000 per annum. Being so insolvent he wished to marry his present wife, who insisted, not as a condition of marriage, but as a condition of expediting the union, that he give her outright a supply of household furniture and fittings. No agreement was made as to the quantity or value of such supply. On April 25, 1903, the bankrupt married, and shortly thereafter purchased, at a cost of at least $15,000, and upon credit, the property necessary in his judgment to make good this antenuptial agreement. What he bought he instantly transferred to his wife, without the slightest intention of paying for the same out of the above-described income; it being in his expressed opinion quite impossible to pay so much out of so moderate a yearly revenue as $18,000.

As he has never pursued any gainful vocation, his sole hope of discharging the debts thus incurred depended upon the result of an action brought against the trustees of his father's estate to compel an increase of his yearly allowance. The fruition of 'this hope has been denied by the courts of New York.

Certain of the tradesmen whom he had used to fulfill his antenuptial contract (or rather perhaps his conception of the same) having obtained judgments for their claims, other creditors filed a petition in bankruptcy in October, 1904. Immediately upon the filing thereof the usual injunction was issued forbidding Tiffany's creditors from proceeding further against him, and this injunction is still in force except as modified by an order of the referee herein made on the 23d of March, 1905, whereby the trustee was authorized to institute or cause to be instituted various proceedings, among others an action in his own name in the state court to set aside the above-described transfer to the bankrupt's wife, and another action in the same court by one or more of the bankrupt's judgment creditors, against the bankrupt and the trustees under his father's will, to reach as surplus income some portion of his $18,000 per year.

The action to set aside the transfer to the wife was brought and is still pending on appeal. The evidence adduced upon the trial of that cause is on all material points identical with that offered before the referee under the objections to Tiffany's discharge. Judgment was entered at Special Term in that suit declaring that the marriage celebrated in compliance with the antenuptial agreement above recited constituted a valid consideration for the transfer, and that the same

was (on the part of the wife) without fraud or intent to hinder or delay her husband's creditors; wherefore the transaction did not amount to a secret trust for the bankrupt's use, and did make the wife a bona fide purchaser for value of the goods sought to be recovered by the trustee.

The opposition to the bankrupt's discharge is contained in objections specifying, in substance, that the household goods in question were obtained while the bankrupt was insolvent, were transferred to the wife without consideration, and were and are really held in secret trust for the bankrupt; the transaction thus amounting to a continuing concealment of property within Bankr. Act. July 1, 1898, c. 541, § 14, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428].

The special commissioner reports that it has been decided by a court of competent jurisdiction that the wife became a bona fide purchaser of the property in question more than four months before the filing of this petition, and that for a like period there has been no concealment of the wife's alleged ownership thereof; he therefore finds that the objecting creditor is concluded by the unfavorable result of the trustee's action, and overrules the specifications of the objector. In this opinion I concur. In re Skinner, 3 Am. Bankr. Rep. 163, 97 Fed. 190; Rejall v. Greenhood, 92 Fed. 945, 35 C. C. A. 97; Kerrison v. Stewart, 93 U. S. 155, 23 L. Ed. 843. It follows that, if the application for discharge were uncomplicated by petitions from other persons entitled to be heard in this matter, the discharge would have to be granted, however repugnant to morality and honor is the conduct of the bankrupt and his wife. In re Dauchy, 130 Fed. 532, 65 C. C. A. 78.

But, pending the application for discharge, there has been filed the petition of Sloane & Co., a judgment creditor of Tiffany's, against whom the stay granted at the time of filing the petition herein is still operative, calling the attention of the court to the fact that there is now pending an action by certain other judgment creditors, against the bankrupt and the trustees of his father's estate brought in pursuance of the above-described order of the referee, and praying that they also be permitted to institute suit against the bankrupt and his trustees, and that to that end the original injunction be lifted as to them and the discharge be delayed for a reasonable time, inasmuch as the present discharge of the bankrupt will extinguish the judgments which are the basis both of the pending suit and the one sought to be brought by Sloane & Co.

This unsatisfactory condition is the result of congressional unwillingness to make personal dishonesty in the creation of a debt ground for refusing a discharge in bankruptcy, coupled with the decisions as to the nature of the interest of a cestui que trust in an active express trust created pursuant to the statutes of this state.

While this particular bankrupt has been privileged to assist dishonesty with matrimony, somewhat similar situations will continually arise under the bankruptcy law, until the grounds for refusing discharges are enlarged, so that the discretion of the court may be exercised in preventing knaves—both thrifty and spendthrift—availing

themselves of a relief intended for honest misfortune. The situation in respect of Tiffany's income from his father's estate depends on Butler v. Baudoine, 84 App. Div. 215, 82 N. Y. Supp. 773, affirmed 177 N. Y. 530, 69 N. E. 1121, holding, in substance, that under no circumstances can a trustee in bankruptcy of a cestui que trust acquire any rights (as trustee) under that trust, or to the income payable to the bankrupt therefrom;. the only persons having any rights in or against even the admittedly surplus income of the cestui que trust being judgment creditors, with the result that this court cannot grant to a bankrupt what he is otherwise entitled to, i. e., his discharge, without wiping out the peculiar privileges of judgment creditors secured to them by the statutes of the state.

Such circumstances call for a careful exercise of discretionary power. In a case in the least degree doubtful I should hesitate long before denying to any man the present enjoyment of an apparent legal right, but the morals of this situation need no comment. There is no substantial difference between the direction now asked for, and that made by the Supreme Court in Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061, and by Judge Archbald in Re Brumbaugh (D. C.) 128 Fed. 971. In both cases certain creditors of the bankrupts possessed, or alleged that they possessed, rights enforceable only in tribunals other than the court of bankruptcy, which rights would be extinguished by granting discharges, to which, so far as appears, the bankrupts were otherwise entitled; and in both cases discharges were delayed for times not shown by the reports, in order to enable the privileged creditors to proceed in the state courts against the bankrupt or his property.

It is urged by the trustee herein that Sloane & Co. should not be permitted to institute suit for their own benefit, but only upon condition that any recovery made by them should be paid in to, and distributed pro rata by, the trustee. It is, I think, true that, since a favor is asked, conditions may be annexed to it. Each case of this kind as it arises must be decided on its own facts. In this instance, without creating a precedent, I decline to give such direction, considering it for the advancement of justice that the petitioners should be unhampered by conditions other than an obligation to speed their cause.

An order may be submitted, on notice, substantially as prayed for in the moving papers of Sloane & Co.