HOLT v. HENLEY et al. (Circuit Court of Appeals, Fourth Circuit. February 20, 1912.) No. 1,063. Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk, in Bankruptcy. S. O. Bland (R. T. Armistead, on the brief), for appellant. Norvell L. Henley and O. D. Batchelor (Henley & Henley, on the brief), for appellees. Before PRITCHARD, Circuit Judge, and DAYTON and ROSE, District Judges.

PER CURIAM. The able opinion of the learned judge below is reported in 190 Fed. 871. We agree with it. There are only two questions in the case. Union Trust Co. v. Southern Saw Mills Co., 166 Fed. 193, 92 C. C. A. 101, and Tippett & Wood v. Barham, 180 Fed. 76, 103 C. C. A. 430, an-

swer one of them; the act of June 25, 1910 (36 Stat. 838, c. 412), amendatory of the bankrupt law, the other. That act was intended to apply to every bankruptcy, the petition in which was filed after its passage. The conditional vendor in this case had not recorded his contract. By the law of Virginia, a lien creditor or a subsequent purchaser without notice was not bound by it. A trustee for creditors under a conventional assignment might ignore it. Arbuckle Bros. v. Gates, 95 Va. 802, 30 S. E. 496. Congress had the right to make it ineffective as against a trustee in bankruptcy. An act of Congress may to some extent lawfully affect rights which had their inception before its passage. Wilson v. Nelson, 183 U. S. 191, 22 Sup. Ct. 74, 46 L. Ed. 147; Louisville & Nashville R. R. Co. v. Mottley, 219 U. S. 480, 31 Sup. Ct. 265, 55 L. Ed. 297, 34 L. R. A. (N. S.) 671. Affirmed.