## In re MORRIS.

(Circuit Court of Appeals, Second Circuit. April 14, 1913.)

No. 190.

BANKRUPTCY (§ 404*)—DISCHARGE—POSTPONEMENT TO PERMIT SUIT BY CREDITOR.

> The amendment of Bankr. Act July 1, 1898, c. 541, § 47a (2), 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500), providing that as to all property not in the possession of the bankruptcy court a trustee shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied, qualifies a trustee to maintain a suit under the New York law to reach surplus revenue to which the bankrupt will be entitled under a testamentary trust for the benefit of all the creditors; and since such right will be unaffected by the bankrupt's discharge, a judgment creditor is not entitled to an order postponing such discharge to enable him to prosecute such a suit for the benefit of judgment creditors only.
>
> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 679, 681–691; Dec. Dig. § 404.*]

This cause comes here upon a petition to revise an order of the District Court, Southern District of New York, which denied the motion of petitioners, partners, who are judgment creditors of the bankrupt, for stay of proceedings on his application for discharge. No specifications or objections to the discharge have been filed. After adjudication of bankruptcy petitioners recovered judgment against the bankrupt in the City Court, and execution was issued and returned unsatisfied. Thereafter they began an action in the state Supreme Court, on behalf of themselves and all other judgment creditors who should come in and contribute for the purpose of reaching alleged surplus income to which the bankrupt is and will be entitled under a trust created by his father's will. Petitioners ask that the bankrupt's application for discharge be stayed to enable them to carry their suit in the state court to a conclusion.

Kurzman & Frankenheimer, of New York City (A. L. Gutman, of New York City, of counsel), for petitioners.

M. S. Hyman, of New York City, for respondent.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). The petitioners rely upon the decision in Butler v. Baudouine, 84 App. Div. 215, 82 N. Y. Supp. 773; Id., 177 N. Y. 530, 69 N. E. 1121. In that case it was held that a trustee in bankruptcy was not entitled to maintain an action to reach surplus income to which a debtor was entitled under a will, as a judgment creditor would be under Williams v. Thorn, 70 N. Y. 270, Tolles v. Wood, 99 N. Y. 616, 1 N. E. 251, and Wetmore v. Wetmore, 149 N. Y. 520, 44 N. E. 169, 33 L. R. A. 708, 52 Am. St. Rep. 752. If this were still the law it would be a hardship to judgment creditors to discharge the obligation of their judgment debtor and thus prevent the only persons who could reach the surplus income from

securing its application to indebtedness of the bankrupt. The decision in the Baudouine Case was reached in view of the provisions of section 70a (5) of the Bankrupt Act, which vests the trustee with title to "property which prior to the filing of the petition [the bankrupt] could by any means have transferred or which might have been levied upon or sold under judicial process against him." The Court of Appeals points out that the bankrupt could not by any means have transferred this surplus and that it could not have been levied on and sold. The court says:

"We find, as the barrier to the plaintiff's successful assertion of a claim to that surplus, the requirement that none but a judgment creditor with his remedy at law exhausted is entitled to reach it. Our decision is placed on that ground alone."

One result of that decision was to create preferences among general creditors of the bankrupt. One object of the Bankruptcy Act was to insure equality of distribution of the assets among all the creditors, except for such advantage as might be secured to some creditor through a specific lien of some sort. This equality of distribution would not result, if some of the creditors, who had no specific lien on anything, but who had put their claims in judgment, even after the filing of the petition in bankruptcy, could secure for themselves exclusively a particular fund which under the state law a debtor might be required to give up.

It is not surprising, therefore, to find that subsequent to the Baudouine decision Congress in 1910 amended the Bankruptcy Act—section 47a (2)—by providing that trustees of bankrupts:

"As to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

This amendment is incorporated, not in section 70, but in section 47. That circumstance, however, is immaterial. The act must be interpreted as a whole, and all its parts harmonized. It cannot be assumed that Congress would have added this amendment to section 47, if the unamended language of section 70 were to operate to neutralize the amendment. See Williamsburg Knitting Mill (D. C.) 190 Fed. 871, affirmed as Holt v. Henley, 193 Fed. 1020, 113 C. C. A. 87.

Since the right to take proceedings to recover surplus income such as there is alleged to be here, in the interests of all creditors, is now vested in the trustee, and that right will be unaffected by a discharge, there is no longer any reason for postponing hearing and determination of application for discharge. The reasons which induced the court to order such a postponement in Matter of Tiffany (D. C.) 147 Fed. 314 (decided in 1906), no longer exist.

It is suggested that the trustee may not begin a proceeding to reach the surplus income. But if he fail to take proper action of his own motion, application to the court can be made by any creditor for instructions to proceed, and some way to secure funds to prosecute such proceeding will no doubt be found. See our opinion in Cornell v. Nicholls & Langworthy Machine Co. (C. C. A.) 201 Fed. 320 (December 9, 1912). The circumstance that the trustee may be occupied a long

time in such proceeding seems to the majority of the court not to be a sufficient ground for indefinitely postponing the bankrupt's application for discharge. The District Court, however, may properly adjourn application for 60 days, so that the trustee can begin his action before discharge.

The order is affirmed.