MINERS' & MERCHANTS' BANK et al. v. UNION LOAN &
TRUST CO. et al.

(Second Division. Nome. July 14, 1916.)

No. 2681.

BANKRUPTCY ⬡⟹279—CREDITORS—TRUSTEE.

    The plaintiff brought suit to enjoin the trustee in bankruptcy and others from selling personal property of a creditor of the bankrupt (who was also a creditor of the plaintiff) under a mortgage given to the bankrupt, which the plaintiff declared to be invalid; *held*, the trustee has the right and power to claim the personal property of the bankrupt, if as contended by the plaintiffs, the mortgage asserted upon same is null and void; the individual creditors must work out their rights through the trustee in bankruptcy.

In this case the plaintiffs seek to enjoin the defendants herein, their officers, agents, and servants, and each of them, from selling or causing to be sold, any of the personal property mentioned and described in a certain notice of sale given by the defendant the United Loan & Trust Company, Incorporated, as substituted trustee, dated May 27, 1916, and published in the Nome Weekly Nugget, which sale was, in said notice, advertised to take place on July 6, 1916, at 11 o'clock a. m., in front of the federal court building in Nome, Alaska, but which said sale was at said time and place postponed to take place on July 11, 1916, at 11 o'clock a. m., at said place, and was thereafter enjoined by temporary restraining order issued by this court upon the showing made in the complaint and affidavits filed by the plaintiffs herein.

G. J. Lomen, of Nome, and G. B. Grigsby, of Juneau, for plaintiffs.

O. D. Cochran, of Nome, and R. S. Oglesby, for defendants.

TUCKER, District Judge. This cause now comes up before this court upon the motion to vacate and set aside the restraining order issued herein, filed by the defendant R. S. Oglesby herein, upon the following grounds: (1) That the court has no jurisdiction of the subject-matter of said ac-

tion; (2) that the plaintiffs have no legal capacity to bring said action; and (3) that said complaint does not state facts sufficient to constitute a cause of action.

Any one of these grounds, if established, is sufficient to sustain the motion; and in the view of the court it is only necessary to consider the second ground for the motion, viz., that the plaintiffs have no legal capacity to bring said action.

Counsel for the plaintiffs in his argument attacks the validity of the alleged mortgage upon the personal property of the bankrupt, under which mortgage a sale is sought to be had by the trustee under the mortgage. While this court does not at this time pass in any way upon the question of the validity or invalidity of ·the mortgage as a chattel mortgage upon the personal property of the bankrupt, it is only necessary to say that under Bankruptcy Act July 1, 1898, c. 541, 30 Stat. 557, § 47a, as amended by Congress in 1910 (Act June 25, 1910, c. 412, § 8, 36 Stat. 840 [U. S. Comp. St. 1916, § 9631]), it is provided that trustees of bankrupts, "as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied." It is clear to this court that, under the above provision, the trustee in bankruptcy has the right and power to claim the personal property of the bankrupt if, as is contended by the plaintiffs, the mortgage asserted upon same is null and void. And this right, being vested in the trustee in bankruptcy, cannot be vested in or asserted by the individual creditors, who must work out their rights, whatever they may be, in the premises through their representative, the trustee in bankruptcy. See In re Morris, 204 Fed. 770, 123 C. C. A. 220, which is right in point.

While the complaint charges, upon information and belief, that the trustee in bankruptcy is an employé of B. N. Duke, one of the principal bondholders under said mortgage, and that said trustee in bankruptcy has connived and conspired with the other defendants for the purpose of seizing the personal and other property of the bankrupt and of defrauding the unsecured creditors, no showing has been made to sustain these charges, and, in any event, this court is not the proper court in which to bring up this matter. If the trustee in bankruptcy is derelict in his duties, the United States District

Court for the Southern District of New York, in which the bankruptcy proceedings were instituted, is the proper court to be appealed to for relief.

In view of the foregoing, it necessarily follows that the temporary restraining order heretofore issued herein upon the motion of the plaintiffs should be dissolved and rescinded, and an order may be entered to that effect.

The defendant R. S. Oglesby has also filed a demurrer to the complaint, based upon identical grounds with those contained in the motion to set aside and dissolve the temporary restraining order herein, and the argument of counsel and the facts with reference to the said motion are equally applicable to a consideration of said demurrer. It therefore necessarily follows that the demurrer must be sustained, and the complaint dismissed, at plaintiffs' costs; and an order may be accordingly entered.