### In re BUTCHER et al.

### Petition of MAGUIRE.

(District Court, D. Massachusetts. May 5, 1920.)

No. 25984.

**Bankruptcy ⬳345—Creditors contributing to expense of litigation not entitled to preference from fund recovered.**

Creditors contributing to the expense of litigation by the trustee are not generally entitled to preferential payment from the fund recovered, beyond repayment of their expense contributions.

In Bankruptcy. In the matter of Ella C. Butcher and Grace Marshall, bankrupts. On review of order of referee denying petition of Maguire, executor. Affirmed.

Arthur T. Johnson, of Boston, Mass., for Maguire.

Wilbur H. Powers, of Boston, Mass., for bankrupts.

MORTON, District Judge. The present proceedings raise no question as to the allowance of expenses of litigation from the amount recovered; it being taken for granted, apparently, by all parties concerned, that they are allowable. The prayer of the petition is that the amount recovered—

"should be treated as a special fund and should be first devoted to the payment of the claims of those creditors who contributed to and guaranteed the expense of the trustee in bringing and carrying forward said litigation * * * in proportion to the amount of their contribution thereto."

The amount recovered is now part of the estate in bankruptcy, the distribution of which is governed by the Bankruptcy Act (Comp. St. § 9586 et seq.). As said in In re Morris, 204 Fed. 770, 123 C. C. A. 220, the act contemplates equality of treatment among creditors of the same class. It is at least doubtful whether the court has power to make a different distribution of assets from that provided in the act. To award preferences among creditors for supposedly meritorious or helpful service by them in the administration of the estate would introduce a wide, and I think unwise, element of discretion. It certainly ought not to be done unless the effect of a refusal to contribute to the fund required for litigation by the estate was squarely put to creditors at the time when they were asked to contribute, as it was in Cornell v. Nichols, 201 Fed. 320, 119 C. C. A. 558.

Order of referee affirmed.