In re WHITNEY et al.
LORENZ v. MORGAN et al.
No. 385.

Circuit Court of Appeals, Second Circuit.
July 15, 1940.

Maclay, Lyeth & Williams, of New York City (Charles Dickerman Williams, of New York City, of counsel), for appellants.

Mudge, Stern, Williams & Tucker, of New York City (George L. Trumbull and Randolph H. Guthrie, both of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

On March 8, 1938, the above-named bankrupts, among whom was Edwin D. Morgan, Jr., filed a voluntary petition in bankruptcy and on the same day they were adjudicated bankrupts individually and as copartners, and Joseph Lorenz was appointed receiver and on April 19, 1938, was appointed trustee in bankruptcy. On November 2, 1933, Edwin D. Morgan, Jr., created a trust with the Fiduciary Trust Company as trustee whereby he transferred to it certain secu-

rities and cash of the approximate value of $140,000 and made the following provisions for the disposition of the principal and income:

"A. The net income from the trust fund to the extent of $5,000 per annum shall be paid to Elizabeth Moran Morgan so long as she shall live, in equal quarterly instalments, as near as may be, on the 15th days of January, April, July and October, the first instalment to be paid on the 15th day of January, 1934.

"B. During the life of Elizabeth Moran Morgan, the net income from the trust fund, if any, in excess of $5,000 per annum for the calendar year 1934 or any subsequent calendar year, shall be paid to the Grantor so long as he shall live, and from and after his death if he shall die before Elizabeth Moran Morgan, to the Grantor's issue living from time to time, equally per stirpes and not per capita, or in default of such issue, to the wife of the Grantor then living, or if there shall be no wife of the Grantor then living, to Elizabeth Moran Morgan for her life. The net income in excess of $5,000 per annum, if any, payable during the lifetime of Elizabeth Moran Morgan as in this sub-paragraph B provided, shall be paid in annual installments, the first installment to be paid on the 15th day of January, 1935.

"C. From and after the death of Elizabeth Moran Morgan, if she shall die before the Grantor, the entire net income from the trust fund shall be paid to the Grantor so long as he shall live, in monthly installments, as may be arranged.

"D. Upon the death of the survivor of the Grantor and Elizabeth Moran Morgan, the Trust shall terminate and the Trustee shall pay over and deliver the then principal of the trust fund to such person or persons and in such proportions as the Grantor shall appoint by will admitted to probate, and, to the extent that the Grantor shall have failed effectively to exercise such power of appointment, to such person or persons as would have taken, and in such amount or amounts as such person or persons would have taken, had the Grantor then died the owner thereof, intestate and a resident of the State of New York."

The trust deed was made by Edwin D. Morgan, Jr., in fulfillment of an agreement by Elizabeth Moran Morgan to sell to him 9 shares of Class B stock of Whitney Land Corporation said to have an approximate value of $82,584, and an agreement on his part to pay her $9,000 in cash as well as to create the trust. The two brothers and two sisters of Edwin D. Morgan, Jr., set up trusts in the same amounts as Edwin D. Morgan, Jr., in accordance with agreements of long standing, out of moneys derived from their grandfather's estate so as to enable their mother Elizabeth Moran Morgan to live in the way in which she had been accustomed. When the trusts were created each of her five children contributed to the trust set up out of his or her inheritance nearly 42% from the grandfather's estate and retained the remaining 58% personally. Elizabeth Moran Morgan is now eighty years of age.

On January 18, 1940, Elizabeth Moran Morgan and Fanny B. Morgan, the mother and wife of the bankrupt Edwin D. Morgan, Jr., brought an action by their attorneys Maclay, Lyeth & Williams against the Fiduciary Trust Company in the New York Supreme Court, Nassau County, for an accounting with respect to the trust fund created by the trust agreement of November 2, 1933, and for a declaration that Joseph Lorenz, as trustee in bankruptcy, had no right, title or interest in the trust and for a judgment that the plaintiffs and several defendants (including Edwin D. Morgan, Jr., and his children), other than Fiduciary Trust Company, were entitled to the income from and the principal of the trust according to their respective interests as therein defined. The Fiduciary Trust Company filed its answer in February, 1940, denying various allegations of the complaint and asserted as counterclaims and cross-claims that it proposed to continue to administer the trust pursuant to the terms thereof, that Joseph Lorenz, as trustee in bankruptcy, was interfering with the Fiduciary Trust Company in the performance of its trust and with the distribution of the income thereof, which it had withheld from distribution during the years 1938 and 1939, and that it was under a duty to protect, maintain, execute and defend the trust. It prayed in the answer that the trust be declared valid, that it should be authorized to distribute the income and principal according to the terms of the trust and that its accounts should be settled.

On March 1, 1940, the trustee in bankruptcy filed a complaint in the bankruptcy court against Fiduciary Trust Company, the bankrupt Edwin D. Morgan, Jr., his mother, wife and children, for an adjudication that he, as trustee in bankruptcy, was the owner of the principal and income of

the trust subject to the right of Elizabeth Moran Morgan to be paid the maximum amount of $5,000 from the annual income during her lifetime. On the same day the trustee in bankruptcy filed a petition in the bankruptcy court that Elizabeth Moran Morgan and Fanny B. Morgan be enjoined from proceeding in the state court action in so far as that action sought to affect or determine the rights of the trustee in bankruptcy with respect to the trust created by Edwin D. Morgan, Jr. On April 11, 1940, the district court made an order that the plaintiffs and their attorneys in the state court action be enjoined from proceeding therewith so far as it sought to determine the rights of Joseph Lorenz as trustee in bankruptcy of Edwin D. Morgan, Jr., with respect to the income and the principal of the trust, but not in so far as it sought an accounting.

On March 12, 1938, the bankruptcy court made an order at the instance of Joseph Lorenz, the present trustee in bankruptcy, who was then receiver, extending the receivership so as to include all the property of the bankrupts of whatsoever nature and wheresoever situated and among other things providing that all persons be enjoined from instituting judicial proceedings for the purpose of "impounding or taking possession of or interfering with any property owned by or in the possession of any of said bankrupts." The trustee in bankruptcy seeks to justify the order of April 11, 1940, enjoining the prosecution of the action in the state court on the ground, among others, that such action was instituted in violation of the injunction of March 12, 1938, obtained on behalf of the receiver.

▮▮▮ The plaintiffs in the state court action and their attorneys have appealed from the order of April 11, 1940, enjoining the prosecution of the state court action. We think the order was erroneous and should be reversed. This result seems to follow from the fact that there is no res in the actual or constructive possession of the bankruptcy court. If this be true, there is no power to restrain the parties to the state court action from a resort to that tribunal. The interest of the bankrupt in the trust which the trustee in bankruptcy Lorenz seeks to reach on behalf of the creditors is vested in law in the Fiduciary Trust Company as trustee of an express trust and that company is bound to resist his claims. We so held in the old case of In re Baudouine, 2 Cir., 101 F. 574. The interest of the beneficiary of a trust who becomes a bankrupt is not treated as an ordinary chose in action and regarded as in the constructive possession of the bankruptcy court, but the trustee who holds the res on behalf of the bankrupt is classed as an adverse claimant. The interest of a cestui in a trust is not like his interest in a stock exchange seat [In re Hoey, 2 Cir., 290 F. 116] or in a claim against the state [In re Weston, 2 Cir., 68 F.2d 913, 98 A. L.R. 319], for the Baudouine case put the trustee in the position of a claimant in possession with an interest adverse to the trustee in bankruptcy. The decision in Re Baudouine has never been discredited and ever since it was rendered wherever a trustee in bankruptcy has sought to reach the interest of a bankrupt in a trust he has apparently brought a plenary suit, as the trustee did against Baudouine after we decided (101 F. 574, 579) that the rights of the parties had to be thus adjudicated. Butler v. Baudouine, 84 App.Div. 215, 82 N.Y.S. 773, affirmed 177 N.Y. 530, 69 N. E. 1121. In Bardes v. Hawarden Bank, 178 U.S. 524, 20 S.Ct. 1000, 44 L.Ed. 1175, the Supreme Court held that suits to recover debts from third parties or to set aside fraudulent transfers or to avoid preferences as against third parties must be brought in the state courts.

The Amendment of 1910 to Section 47, sub. a(2) of the Bankruptcy Act, 11 U.S. C.A. § 75, sub. a(2), vested trustees in bankruptcy with the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings as to all property in the custody, or coming into the custody, of the bankruptcy court. It likewise vested such trustees with all the rights, remedies, and powers of a judgment-creditor holding an execution duly returned unsatisfied. The amendment afforded the trustee in bankruptcy new remedies which prior to its enactment were only available to the creditors themselves; but it did not enable him to treat the income of a bankrupt derivable from a testamentary or inter vivos trust as in the constructive possession of the bankruptcy court and thus to invoke a summary proceeding in that court. In re Morris, 2 Cir., 204 F. 770.

▮ Even if the suit brought in the district court by the trustee in bankruptcy on March 1, 1940, under Section 70, sub.

e of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. e, would lie in spite of the improbability of the allegation that Edwin D. Morgan, Jr., created the trust in 1933 with the intent to hinder, delay and defraud creditors, that suit would not displace the state court action, seeing that the trustee in bankruptcy could secure in that action, in which all the parties in interest were before the court, any relief to which he might be entitled. At any rate no reason has been shown for interfering with the progress of the action in the state court for the jurisdiction of the district court to set aside a fraudulent conveyance is not exclusive. Lowenstein v. Reikes, 2 Cir., 54 F.2d 481, certiorari denied 285 U.S. 539, 52 S.Ct. 311, 76 L.Ed. 932.

No ground has been shown for invoking the ancillary power of a court of bankruptcy to prevent the frustration of its administration when exercising its jurisdiction. The facts before us are fundamentally different from those before the Supreme Court in Steelman v. All Continent Corp., 301 U.S. 278, 57 S.Ct. 705, 81 L.Ed. 1085, and they call for no interference with the action in the state court.

■ Section 793 of the New York Civil Practice Act did not afford a reason for an injunction against the state court action. That section merely provides for paying the surplus income of a judgment-debtor to his creditors, but here the trustee in bankruptcy seeks to reach the entire interest of the bankrupt, not merely the income in excess of the latter's needs. Moreover, as we have already explained, the property sought to be reached was not in the possession of the bankruptcy court so the latter had no summary power over its disposition. In re Baudouine, supra.

The order enjoining the action in the state court was not justified on the ground that the bringing of that action was in violation of the order of March 12 forbidding the institution of judicial proceedings for the purpose of "impounding or taking possession of or interfering with any property owned by or in the possession of any of said bankrupts." The property in the hands of the Fiduciary Trust Company was not in the actual or constructive possession of the bankruptcy court. That company was an adverse claimant entitled to litigate its claims in the prior state court suit without interference from the bankruptcy court.

Order reversed.