### JENKS v. TITLE GUARANTEE & TRUST CO. et al.

(Supreme Court, Appellate Division, First Department.   December 30, 1915.)

1. BANKRUPTCY ⬥143—RIGHTS OF TRUSTEE—SPENDTHRIFT TRUST.

Under Real Property Law (Consol. Laws, c. 50) § 98, providing that, where a trust is created to receive the rents and profits of real property and no valid direction for accumulation is given, the surplus of such rents and profits beyond the sum necessary for the education and support of the beneficiary shall be liable to the claims of his creditors in the same manner as other personal property which cannot be reached by execution, and Bankr. Act July 1, 1898, c. 541, § 47a(2), 30 Stat. 557, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. 1913, § 9631), providing that trustees in bankruptcy, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied, a trustee in bankruptcy is entitled to sue for and recover the surplus income above that needed for the bankrupt's support and education under spendthrift trusts created for his benefit, though creditors whose debts have not been reduced to judgment cannot reach such income, and prior to the amendment of the Bankruptcy Act the trustee had no such right.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 194, 201, 202, 213–217, 223, 224;  Dec. Dig. ⬥143.]

2. BANKRUPTCY ⬥305—ACTION BY TRUSTEE—SPENDTHRIFT TRUST—FORM OF JUDGMENT.

The judgment in an action to reach the surplus income of two spendthrift trusts for the benefit of a debtor beyond the sum necessary for his education and support, under Real Property Law, § 98, should provide for leave to the debtor to apply at the foot of the judgment from time to time for such relief as to the court shall seem just and equitable, as circumstances may arise under which a larger amount than that allowed may be considered suitable and necessary for his support.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 466–468; Dec. Dig. ⬥305.]

Ingraham, P. J., dissenting.

Appeal from Special Term, New York County.

Action by Allan M. Jenks, as trustee of the bankrupt estate of Charles P. Buchanan, against the Title Guarantee & Trust Company, as trustee for Charles P. Buchanan, under the will of William Buchanan, deceased, and others.   From a judgment of the Special Term in

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

favor of plaintiff, entered upon a decision, defendant Charles P. Buchanan, individually, appeals.    Modified and affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and SMITH, JJ.

Roderick Robertson, of New York City, for appellant.

Hugh A. Bayne, of New York City (Noel Gale, of New York City, on the brief), for respondent.

CLARKE, J.    This is an action by the trustee of the bankrupt estate of Charles P. Buchanan to reach the surplus income of two spendthrift trusts created for his benefit by the wills of his father and mother, the annual income of said trusts being upward of $23,000. The appellant filed a voluntary petition in bankruptcy, and the plaintiff was appointed his trustee.    A small amount of assets was disclosed. Subsequently he received his discharge in bankruptcy.

[1]  Section 98 of the Real Property Law, formerly section 78 (Laws 1896, c. 547), and section 57 of 1 R. S. 729, provides:

"*The Surplus Income of Trust Property Liable to Creditors.*—Where a trust is created to receive the rents and profits of real property, and no valid direction for accumulation is given, the surplus of such rents and profits, beyond the sum necessary for the education and support of the beneficiary, shall be liable to the claims of his creditors in the same manner as other personal property, which cannot be reached by execution."

This provision in terms relates only to real estate, but it has been held to apply equally to personal property.    Williams v. Thorn, 70 N. Y. 270; Tolles v. Wood, 99 N. Y. 617, 1 N. E. 251; Wetmore v. Wetmore, 149 N. Y. 520, 44 N. E. 169, 33 L. R. A. 708, 52 Am. St. Rep. 752; Dittmar v. Gould, 60 App. Div. 94, 69 N. Y. Supp. 708.    In Williams v. Thorn, Judge Rapallo, writing for a unanimous court, said:

"The right of a creditor to maintain an action of this description in cases of trusts of personal as well as real estate has been recognized since an early period after the adoption of the Revised Statutes.    In Hallett v. Thompson, 5 Paige, 586, it is observed by the chancellor that as a general rule it is contrary to sound policy to permit a person to have the ownership of property for his own purposes and to be able at the same time to keep it from his creditors; that the Revised Statutes have made one exception to this rule to the extent of a provision for education and necessary maintenance merely, but that in that case the beneficial owner is himself deprived of the power of aliening or incumbering the property or his interest in the rents and profits as cestui que trust, and the surplus income, beyond what is necessary for his support, is in equity subject to the claims of his creditors."

The courts have confined the benefits of this statute to judgment creditors.    In Wetmore v. Wetmore, 149 N. Y. 520–527, 44 N. E. 169, 33 L. R. A. 708, 52 Am. St. Rep. 752, the court said:

"It has been held that this provision of the statute is equally applicable to a trust created to receive and pay over the income of personal property, and that an action may be maintained by a judgment creditor after the return of an execution unsatisfied to reach the surplus income beyond what is necessary for the suitable support and maintenance of the cestui que trust and those dependent upon him."

In Butler v. Baudouine, 84 App. Div. 215, 82 N. Y. Supp. 773, affirmed 177 N. Y. 530, 69 N. E. 1121, decided in 1903, a trustee in

bankruptcy sought to reach the surplus income to which the bankrupt was entitled under the will of his grandfather. Mr. Justice Patterson said:

"The question now before us is a very simple one, viz.: Whether the surplus income in a trust for the benefit of the bankrupt here, passes to the trustee in bankruptcy or not. It must depend for solution upon the provisions of the statutory law of the state of New York. That the surplus is inalienable by the beneficiary is plain; that it may be reached by proceedings in invitum by certain creditors is also plain, but it does not necessarily follow therefrom that the rights with .which creditors are vested by the provisions of the seventy-eighth section of the Real Property Law are, by operation of law, or otherwise, transferred to a trustee in bankruptcy, so that they may be enforced for the benefit of creditors generally. * * * The surplus is liable to claims of creditors in the same manner as other personal property which cannot be reached by execution. The provision implies in its very terms and assumes that the surplus cannot be reached by legal process. * * * Hence it is not a provision for creditors at large. It is one solely for judgment creditors. It gives no right to any other person, and in no way confers a power upon the beneficiary to make a disposition of surplus income for the benefit of any of his' creditors. If we are right in assuming that the trustee in bankruptcy must claim under the fifth paragraph of subdivision "a" of the seventieth section of the Bankruptcy Act, then we are of opinion that the bankrupt had no right or power, prior to the filing of the petition, 'by any means' whatever, to' transfer any of this surplus, and it was not property which could have been levied upon and sold under any judicial process against him. It could not be attached, and it could not be taken under execution. It would not pass to a receiver in supplementary proceedings, and could only be reached in equity in the manner indicated. * * * We find, as the barrier to the plaintiff's successful assertion of a claim to that surplus, the requirement that none but a judgment creditor with his remedy at law exhausted is entitled to reach it. Our decision is placed on that ground alone. The only relaxation of the law which makes the income inalienable, or the integrity of the trust, as created by the testator, destructible, is in favor of judgment creditors—specifically 'such. The beneficiary's right to the whole income is cut down only in their favor. We do not think a trustee in bankruptcy is clothed with the privileges of a judgment creditor under the terms of the New York statute. * * * It is altogether just and equitable that the surplus income should go to creditors, and there is nothing in the way of reaching it except the provisions of the Bankrupt Act or an injunction of the bankruptcy court prohibiting creditors from suing, and a discharge in bankruptcy, which would destroy the debt and thus prevent the recovery of a judgment upon which a creditor's action must be brought."

Subsequently thereto, and in 1910, the Congress amended Bankruptcy Act, § 47a(2) by Act June 25, 1910, c. 412, § 8, 36 Stat. 840, by providing that trustees of bankrupts—

"as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

It seems to me that said amendment confers upon the trustee in bankruptcy the right of recovery. The Constitution of the United States (article 1, section 8, paragraph 4) provides that the Congress shall have power—

"to establish * * * uniform laws on the subject of bankruptcies throughout the United States."

In Hanover National Bank v. Moyses, 186 U. S. 181, 22 Sup. Ct. 857, 46 L. Ed. 1113, Chief Justice Fuller cited with approval the

language of Mr. Justice Catron, in Re Klein reported in a note to Nelson v. Carland, 1 How. 265, 11 L. Ed. 126:

"In considering the question before me, I have not pretended to give a definition, but purposely avoided any attempt to define the mere word 'bankruptcy.' It is employed in the Constitution in the plural, and as part of an expression, 'the subject of bankruptcies.' The ideas attached to the word in this connection are numerous and complicated; they form a subject of extensive and complicated legislation; of this subject Congress has general jurisdiction; and the true inquiry is—to what limits is that jurisdiction restricted? I hold, it extends to all cases where the law causes to be distributed the property of the debtor among his creditors; this is its least limit. Its greatest is the discharge of a debtor from his contracts. And all intermediate legislation, affecting substance and form, but tending to further the great end of the subject—distribution and discharge—are in the competency and discretion of Congress."

In Spindle v. Shreve, 111 U. S. 545, 4 Sup. Ct. 522, 28 L. Ed. 512, the court, after stating that it was competent for testators and grantors by will or deed to establish trusts which should secure the application of the rents, issues, and profits thereto to the personal and family uses of the beneficiary during life, so that it shall not be subject to alienation, either by voluntary act on his part or in invitum by his creditors, proceeded:

"The limits, within which such provisions may be made and administered, of course, must be found in the law of that jurisdiction which is the situs of the property in case of real estate, and in cases of personalty where the trust was created or is to be administered according to circumstances."

The law of this state confers power upon the judgment creditor with execution unsatisfied to reach the surplus income of a cestui que trust. In the Baudouine Case, supra, the court found that the trustee in bankruptcy must claim under the fifth paragraph of subdivision "a" of the seventieth section of the Bankruptcy Law, by which was vested in the trustee all the estate of the bankrupt which prior to the filing of the petition he could by any means transfer, or which might have been levied upon and sold under judicial process against him. But under the present law the trustee in bankruptcy not only has such powers, but also the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied. That is to say, the state law says that the surplus income of a cestui que trust is assets or property, or a beneficial interest, which a judgment creditor can reach.

The Congress of the United States, which has plenary power upon the subject of bankruptcies, has vested the trustee in bankruptcy with the powers and rights of a judgment creditor. Judge Lacombe, writing for the Circuit Court of Appeals in Re Morris, 204 Fed. 770, 123 C. C. A. 220, referring to the fact of the decision in the Baudouine Case, said:

"One result of that decision was to create preferences among general creditors of the bankrupt. One object of the Bankruptcy Act was to insure equality of distribution of the assets among all the creditors, except for such advantage as might be secured to some creditor through a specific lien of some sort. This equality of distribution would not result, if some of the creditors, who had no specific lien on anything, but who had put their claims in judgment, even after the filing of the petition in bankruptcy, could secure for themselves exclusively a particular fund which under the state law a debtor

might be required to give up. It is not surprising, therefor, to find that subsequent to the Baudouine decision Congress in 1910 amended the Bankruptcy Act. * * * Since the right to take proceedings to recover surplus income such as there is alleged to be here, in the interests of all creditors, is now vested in the trustee, and that right will be unaffected by a discharge, there is no longer any reason for postponing hearing and determination of the application for discharge."

The discharge in bankruptcy having been granted, no creditor can obtain a judgment; and the result would be that a debtor with a large surplus income from a trust estate could file a voluntary petition in bankruptcy, disclosing a paltry amount of personal property, and be entirely relieved from the obligation of paying any of his debts, and yet retain the possession and enjoyment of a large income. It was the obvious intention of the Congress to meet just such a situation as disclosed by the Baudouine Case. The Court of Appeals, in Brearly School v. Ward, 201 N. Y. 358, 94 N. E. 1001, 40 L. R. A. (N. S.) 1215, Ann. Cas. 1912B, 251, said:

"There is recognized in every civilized country the obligation of a man to pay his debts, if he has property out of which they can be satisfied, and the failure to do so is moral dishonesty. No one has a moral right to be dishonest."

I am of the opinion that the plaintiff was entitled to recover. The court found:

"That the defendant Buchanan has no family depending upon him for support, excepting his wife. The annual income produced by said trust estates and payable to, and which will be payable in future to, the defendant Buchanan, is and will be in excess of the sum annually 'necessary for the suitable support. of the defendant Buchanan and those dependent upon him in the manner in which they have been accustomed to live.' The sum of $9,000 per year is and will be sufficient for such purposes; and the remainder of his said annual income from said trust estates is and will be unnecessary for his support and that of his said family."

The proof showed that he was living separate and apart from his wife and that she receives $3,600 a year. This left $5,400 for his personal support. We are of the opinion that this finding should be modified, by increasing the sum found necessary for the suitable support of the defendant and those dependent upon him from $9,000 to $12,000 per year.

[2] The judgment provided that leave is reserved to the plaintiff to apply at the foot of this judgment from time to time for such relief as to the court may seem just and equitable. It seems to us that such leave should also be extended to the defendant, as circumstances may arise under which a larger amount than that found might be considered suitable and necessary for his support.

The judgment appealed from should be modified as indicated, and, as modified, affirmed, with costs to the respondent. Settle order on notice.

LAUGHLIN, SCOTT, and SMITH, JJ., concur. INGRAHAM, P. J., dissents.