## In re REYNOLDS.

### (District Court, N. D. New York.   July 5, 1917.)

1. BANKRUPTCY ⟨⟩143(10)—TRUSTEES—RIGHTS OF.

    While, under Bankr. Act July 1, 1898, c. 541, § 70, 30 Stat. 565 (Comp. St. 1916, § 9654), declaring that the trustee of the estate of a bankrupt, upon his appointment and qualification shall be vested by operation of law with the title of the bankrupt to all documents relating to his property interests and patents, powers which he might have exercised for his own benefit, property transferred by him in fraud of his creditors, and property which prior to the filing of the petition he could by any means have transferred, or which might have been levied upon and sold by judicial process, the surplus income accruing under a testamentary trust created for the support of the bankrupt does not pass to the trustee, yet such income may be reached by the trustee under section 47, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (Comp. St. 1916, § 9631), providing that the trustee shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings, and as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights and remedies of a judgment creditor holding an execution duly returned unsatisfied, for the act must be interpreted as a whole, and the unamended language of section 70 cannot neutralize the amendment.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 224.]

2. TRUSTS ⟨⟩151(2)—INCOME—POWER OF STATE.

    Real Property Law (Consol. Laws, N. Y. c. 50) § 98, subjecting to creditors surplus income accruing out of a trust, is valid; it being competent for the Legislature to change the law and subject to the claim of creditors such property.

    [Ed. Note.—For other cases, see Trusts, Cent. Dig. § 195½.]

3. BANKRUPTCY ⟨⟩143(10)—TRUSTEE—RIGHTS OF.

    Real Property Law N. Y. § 98, declares that, where a trust is created to receive the rents and profits of real property and no valid direction for accumulation is given, the surplus of such rents and profits beyond a sum necessary for the education and support of the beneficiary shall be liable to the claims of his creditors in the same manner as other personal property which cannot be reached by execution. Section 100 declares that, except as otherwise prescribed, an express trust, valid as such in its creation, shall vest in the trustee the legal estate, subject only to the execution of the trust, and the beneficiaries shall not take any legal estate or interest, but may enforce the performance of the trust; while section 103 declares that the right of a beneficiary of an express trust to receive the rents and profits of realty and apply them to the use of any person cannot be transferred by assignment or otherwise. Personal Property Law (Consol. Laws N. Y. c. 41) § 15, provides that the right of the beneficiary to enforce the performance of a trust, to receive the income of personal property and apply it to the use of any person, cannot be transferred by assignment or otherwise. Bankr. Act, § 47, as amended in 1910, gives the trustee the right of a judgment creditor. *Held*, that Real Property Law, § 98, applies to personal property, and· so a trustee in bank-

ruptcy may, where the bankrupt was beneficiary under a testamentary trust and entitled to support out of the income arising from the land and funds constituting the corpus of the trust, reach any surplus income.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 224.]

**4.** BANKRUPTCY ⊚⇒143(10)—TRUSTEES—RIGHTS OF—STATUTE.

In such case, the right of the trustee cannot be denied on the theory that Bankr. Act, § 47, operated as an amendment to the New York Real Property Law, by giving the trustee the rights of a judgment creditor, though no such judgment had been recovered.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 224.]

In Bankruptcy. In the matter of the bankruptcy of Florence I. Reynolds. Application, on return of order to show cause, for an order making permanent, or until the application of the bankrupt for discharge should be determined, an order staying suits and proceedings by the trustee to reach the surplus income, if any, to which the bankrupt might be entitled under a trust created under the last will and testament of Matthew H. Bender, now deceased. Order as granted vacated, and injunction denied.

By "surplus income" is meant the income accruing under the trust not necessary for the suitable support and maintenance of the bankrupt.

Mills & Mills, of Albany, N. Y. (Borden H. Mills, of Albany, N. Y., of counsel), for bankrupt.

Prior & Aufsessor, of Albany, N. Y., for trustee.

RAY, District Judge. By his last will and testament, Matthew H. Bender, now deceased, gave and bequeathed to Charles C. Bullock, Jr., as trustee, in trust, a considerable sum of money and property, much of which is in real estate, he—

"to receive the rents, issues and profits thereof and after defraying all taxes and other lawful charges upon the same to semiannually pay the net income thereof in equal shares to Florence Irving Reynolds [the now bankrupt] and Frederick R. Bender during their natural lives."

There are provisions in the will as to the disposition of the trust fund, etc., on and in case of the death of either or both of these beneficiaries of the trust. It is claimed, and facts appear showing it probable, that there is a considerable sum of income in the hands of such trustee under the will, and that, as the income becomes due and payable from time to time, there will be a surplus of income over and above what is necessary for the suitable and proper support and maintenance of such bankrupt, and that this will be applicable to the payment of her debts.

[1] It is contended by Florence I. Reynolds, the bankrupt, one of the beneficiaries of the trust referred to, that under the provisions of section 70 of the Bankruptcy Act, relating to "title to property," the surplus income of a trust fund does not pass to the trustee in bankruptcy. This is undoubtedly true, and it was so decided prior to the amendment to section 47 of the Bankruptcy Act in 1910. By the amendment to section 47, above referred to, there was inserted in the section the following language:

"And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon, and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

The surplus of a trust fund going to the beneficiary of the trust does not come into the custody of the bankruptcy court, but the amendment declares that the trustee in bankruptcy—

"shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

[2, 3] In section 98 of the Real Property Law of the state of New York, it is provided:

"*Surplus Income of Trust Property Liable to Creditors.*—Where a trust is created to receive the rents and profits of real property and no valid direction for accumulation is given, the surplus of such rents and profits, beyond the sum necessary for the education and support of the beneficiary, shall be liable to the claims of his creditors in the same manner as other personal property, which cannot be reached by execution."

I think the case decided by the Court of Appeals of the state of New York, Brearley School, Limited, v. Ward, 201 N. Y. 358, 94 N. E. 1001, 40 L. R. A. (N. S.) 1215, Ann. Cas. 1912B, 251, settles the proposition that it was competent for the Legislature of the state to subject surplus income of trust property to the claims of creditors. In that case it was held:

"It is a general rule of constitutional law that a citizen has no vested right in statutory privileges and exemptions. Such a statute is not a contract between the judgment debtor and the state, and hence an amendment thereof, altering the exemptions by lessening them, does not impair the obligation of the contract. The state retains the right, which exists in regard to remedial legislation generally, to change the remedy in favor of the creditor of a cestui que trust. Hence an execution under section 1391 of the Code of Civil Procedure, as amended by chapter 148 of the Laws of 1908, taking effect September 1, 1908, can be lawfully issued against 10 per cent. of the income derived from a trust fund, although the fund was created by a will probated prior to the passage of that act."

In Jenks, as Trustee of the Bankrupt Estate of Buchanan, v. Title Guarantee & Trust Co., as Trustee, etc., under the Will of William Buchanan et al., 170 App. Div. 830, 156 N. Y. Supp. 478, it was held:

"Section 98 of the Real Property Law, making the surplus income of trust property liable to the creditors of the beneficiary, though in terms applicable only to real estate, applies equally to trusts of personal property. Congress, in its plenary power upon the subject of bankruptcies, has vested a trustee in bankruptcy with the powers and rights of a judgment creditor by the amendment made in 1910 to clause 2 of subdivision "a" of section 47 of the Bankruptcy Act. By virtue of the power so conferred a trustee in bankruptcy may maintain an action against the trustee of a spendthrift trust to reach the surplus income of the beneficiary who has gone into voluntary bankruptcy. Where the annual income of a spendthrift trust is upwards of $23,000, and the beneficiary, who has been discharged in bankruptcy, has no family depending upon him for support, excepting a wife, and it is found that $9,000 per year will be sufficient for the support of himself and wife, a decree that the balance of the income be paid to the trustee in bankruptcy pursuant to section 98 of the Real Property Law is properly rendered."

That section 98 of the Real Property Law applies equally to personal property was held also in Williams v. Thorn, 70 N. Y. 270; Tolles v. Wood, 99 N. Y. 617, 1 N. E. 251; Wetmore v. Wetmore, 149 N. Y. 520, 44 N. E. 169, 33 L. R. A. 708, 52 Am. St. Rep. 752; and Dittmar v. Gould, 60 App. Div. 94, 69 N. Y. Supp. 708.

The Circuit Court of Appeals in this (the Second) circuit, in In re Morris, 204 Fed. 770, 123 C. C. A. 220, 30 Am. Bankr. Rep. 319, held as follows:

"The amendment of Bankr. Act July 1, 1898, c. 541, § 47a(2), 30 Stat. 557 (U. S. Comp. St. 1901, p. 3138), by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1500), providing that as to all property not in the possession of the bankruptcy court a trustee shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied, qualifies a trustee to maintain a suit under the New York law to reach surplus revenue to which the bankrupt will be entitled under a testamentary trust for the benefit of all the creditors; and since such right will be unaffected by the bankrupt's discharge, a judgment creditor is not entitled to an order postponing such discharge to enable him to prosecute such a suit for the benefit of judgment creditors only."

The court adverted to the fact that the amendment to the Bankruptcy Law already quoted is incorporated in section 47 of the act, and not in section 70, which latter section in the act itself describes what property of the bankrupt passes to the trustee. The Circuit Court of Appeals said, however:

"That circumstance, however, is immaterial. The act must be interpreted as a whole, and all its parts harmonized. It cannot be assumed that Congress would have added this amendment to section 47, if the unamended language of section 70 were to operate to neutralize the amendment."

It is true that under section 15 of the Personal Property Law of the state of New York it is provided that:

"The right of the beneficiary to enforce the performance of a trust to receive the income of personal property, and to apply it to the use of any person, cannot be transferred by assignment or otherwise."

And section 100 of the Real Property Law of the state of New York provides:

"Except as otherwise prescribed in this chapter, an express trust, valid as such in its creation, shall vest in the trustee the legal estate, subject only to the execution of the trust, and the beneficiary shall not take any legal estate or interest in the property, but may enforce the performance of the trust."

Section 103 of the Real Property Law provides:

"The right of a beneficiary of an express trust to receive rents and profits of real property, and apply them to the use of any person, cannot be transferred by assignment or otherwise."

In construing various sections of the statutes referred to, they must all be read together, and on a reading of section 98, already quoted, it is evident that the surplus income in this case, if any, is liable to the claims of the creditors of the bankrupt, in so far at least as it accrued due and payable prior to the bankruptcy.

[4] It is urged that:

"If the amendment of 1910 to the Bankruptcy Law was intended to give to trustees in bankruptcy the rights of judgment creditors under section 98 of

.the Real Property Law, it is in effect an amendment of the Real Property Law and is unconstitutional."

I cannot agree with this contention made in behalf of the bankrupt. The Real Property Law of the state of New York has itself provided that surplus income of trust property—

"shall be liable to the claims of his creditors in the same manner as other personal property which cannot be reached by execution."

Prior to the amendment of the Bankruptcy Act there was no provision in the Bankruptcy Law whereby the trustee in bankruptcy could avail himself of this provision and reach the surplus income arising from a trust fund created and existing for the benefit of the bankrupt; but when Congress expressly provided that as to all property not in the custody of the bankruptcy court the trustee should be deemed vested with all the right, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied, the right was clearly and expressly given to a trustee in bankruptcy to reach the surplus income of trust property in the same mode and manner and by the same proceedings that are available to a creditor having an execution unsatisfied. It is immaterial that the creditors of the bankrupt have not obtained judgment and may be prohibited from obtaining judgment. It is also immaterial that execution cannot issue.

I do not need dwell upon the grounds on which the decisions in In re Morris, supra, and Jenks, as Trustee, v. Title Guarantee & Trust Co. et al., supra, rest. In general, I concur in the views there expressed, and find no case or decision which would justify me in refusing to follow the Circuit Court of Appeals in the Morris Case. It is certain that this court ought not, by injunction or otherwise, to interfere with the right of the trustee in bankruptcy of Florence I. Reynolds, this bankrupt, in any court of competent jurisdiction to reach so much and such part of the surplus income of the trust fund referred to as he may be entitled to.

. It follows that the preliminary or temporary injunction heretofore granted must be and is hereby vacated, and that the injunction prayed for must be and is denied.