Matter of the Application of ROBERT C. POSKANZER, as Trustee of the Bankrupt Estate of FLORENCE I. REYNOLDS, for the Issuance of an Execution under Section 1391 of the Code of Civil Procedure of the State of New York against the Income from Certain Trust Funds of Said FLORENCE I. REYNOLDS in the Hands of Charles C. Bullock, Jr., Trustee under the Last Will and Testament of MATHEW H. BENDER, Deceased, and Funds to Come into His Hands under Said Will.

(Supreme Court, Albany Special Term, August, 1917.)

Bankruptcy — trustee in — executions — motions and orders — trusts — Real Property Law — Bankruptcy Act, § 47, clause 2 (a) as amended — Code Civ. Pro. § 1391.

The words " other personal property, which can not be reached by execution " in section 98 of the Real Property Law, which provides that " Where a trust is created to receive the rents and profits of real property, and no valid direction for accumulation is given, the surplus of such rents and profits, beyond the sum necessary for the education and support of the beneficiary, shall be liable to the claims of his creditors in the same manner as other personal property, which can not be reached by execution," define the surplus income of spendthrift trusts, by implication at least, as a kind of personal property that can not be reached by execution.

A trustee in bankruptcy being vested under clause 2 of subdivision a of section 47 of the Bankruptcy Act, as amended in 1910, with all the rights, remedies and powers of a judgment creditor holding an execution duly returned unsatisfied, a motion made by a trustee in bankruptcy, within the time allowed by law for the filing of claims against the bankrupt's estate,

for an order directing that an execution issue under section 1391 of the Code of Civil Procedure against the income from certain trust funds for the benefit of the bankrupt and directing the testamentary trustee to pay over, etc., will be granted.

MOTION by Robert C. Poskanzer, as trustee of the bankrupt estate of Florence I. Reynolds, for an issuance of execution under section 1391 of the Code of Civil Procedure.

Prior & Aufsesser, for trustee in bankruptcy.

Mills & Mills, for Florence I. Reynolds.

NICHOLS, J.   One Mathew H. Bender died December 28, 1912, leaving a last will and testament, which was thereafter duly probated in the Surrogate's Court of Albany county, which last will and testament contained among other devises and bequests the following:

" *Fourth.* All the rest residue and remainder of my property and estate, both real and personal, of whatsoever nature, and wheresoever situated, which at the time of my death, shall belong to me, or be subject to my disposal by Will, I give, devise and bequeath to Charles C. Bullock, Jr., of Saratoga Springs, New York, in trust, nevertheless, to be disposed of as hereinafter directed, and I direct my Trustee herein named, to divide the said residue or remainder of my property both real and personal, hereby bequeathed and devised into two equal parts, each part being of equal market value and the income from each part, being as nearly equal as practicable.

" *Fifth.* I further direct the said Charles C. Bullock, Jr., my Trustee herein named, to invest the one equal half or part of the residue or remainder of my property and to keep the same invested and to receive the rents, issues and profits therefrom and after

defraying all taxes and other lawful charges upon the same, to semi-annually pay the net income thereof in equal shares to Florence Irving Reynolds and Frederick R. Bender during their natural lives.

" I further direct that in the event of Frederick R. Bender dying prior to the death of Florence Irving Reynolds, that the income hereby directed to be paid to the said Frederick R. Bender shall be paid to the said Florence Irving Reynolds during her natural life."

The said trustee, Charles C. Bullock, Jr., named in said last will and testament, has been paying the net income of said estate payable to Florence I. Reynolds, which amounts to more than $4,000 per year, to the said Florence I. Reynolds, on the first day of January and July of each year. The said Florence I. Reynolds on the 2d day of April, 1917, filed a petition in the United States District Court in voluntary bankruptcy and on the 11th day of July, 1917, the said petitioner, Florence I. Reynolds, was duly granted a discharge in bankruptcy. In the petition for adjudication in bankruptcy the petitioner disclosed no assets, except those claimed to be exempt by law, and disclosed liabilities to the extent of $8,031.09. April 22, 1917, Robert C. Poskanzer was duly elected and appointed trustee of the bankrupt's estate and has duly qualified, and is now acting as such trustee.

The time allowed by law for the filing of claims against the bankrupt's estate has not yet expired. The trustee in bankruptcy applies for an order directing that an execution issue under section 1391 of the Code of Civil Procedure against the income from the trust funds of the said Florence I. Reynolds and directing Charles C. Bullock, Jr., as trustee under the last will and testament of Mathew H. Bender, deceased, the person from whom such income from

trust funds are due and owing and will hereafter become due and owing to the said Florence I. Reynolds, to pay over to the officers presenting such execution ten per cent thereof from said income from said trust funds now due and as the same shall become due, until the said execution shall be wholly satisfied.

Clause 2 of subdivision a of section 47 of the Bankruptcy Act (30 U. S. Stat. at Large. 567), as amended by the act of June 25, 1910 (36 U. S. Stat. at Large, 840, ¶ 8), provides as follows, to wit: " Trustees of bankrupts as to all property not in the custody of the Bankruptcy Court shall be deemed vested with all the rights, remedies and powers of a judgment creditor holding an execution duly returned unsatisfied."

Section 1391 of the Code of Civil Procedure provides: " Where a judgment has been recovered and where an execution issued upon said judgment has been returned wholly or partly unsatisfied, and where any wages, debts, earnings, salary, income from trust funds or profits are due and owing to the judgment debtor or shall thereafter become due and owing to him, to the amount of twelve dollars or more per week, the judgment creditor may apply to the court in which said judgment was recovered or the court having jurisdiction of the same without notice to the judgment debtor and upon satisfactory proof of such facts by affidavits or otherwise, the court, if a court not of record, a judge or justice thereof, must issue, or if a court of record, a judge or justice, must grant an order directing that an execution issue against the wages, debt, earnings, salary, income from trust funds or profits of said judgment debtor."

Section 98 of the Real Property Law, formerly section 78 of the Real Property Law, and section 57 of title 2 of chapter 1 of part 2 of the Revised Statutes

provides: "Surplus income of trust property liable to creditors. Where a trust is created to receive the rents and profits of real property, and no valid direction for accumulation is given, the surplus of such rents and profits, beyond the sum necessary for the education and support of the beneficiary, shall be liable to the claims of his creditors in the same manner as other personal property, which can not be reached by execution."

The statute by the words " other personal property, which can not be reached by execution " defines the surplus income of spendthrift trusts by implication at least as a kind of personal property that cannot be reached by execution.

By section 1871 of the Code of Civil Procedure it is provided that a judgment creditor's action may be brought where an execution against the property of the judgment debtor, issued out of a court of record, has been returned wholly or partly unsatisfied.

*Jenks* v. *Title Guarantee & Trust Co.,* 170 App. Div. 830, was a case where the appellant, Charles P. Buchanan, had filed a voluntary petition in bankruptcy and the plaintiff was appointed his trustee and a small amount of assets was disclosed. Subsequently he received his discharge in bankruptcy. The judgment creditor's action was brought by the trustee in bankruptcy to recover the surplus funds over and above the amount necessary for the support of the beneficiary. The court modified the judgment as to the amount necessary for the support of the said Charles P. Buchanan and as modified affirmed the same. The effect of the foregoing amendment of section 47 of the Bankruptcy Law was construed therein, the court saying, at page 834: " It seems to me that said amendment confers upon the trustee in bankruptcy the right of recovery. The Constitution

of the United States (Art. 1, § 8, subd. 4) provides that the Congress shall have power ' To establish * * * uniform laws on the subject of bankruptcies throughout the United States.' ''

The court in the case of *Jenks* v. *Title Guarantee & Trust Co.,* having held that the amendment of clause 2 of subdivision a of section 47 of the Bankruptcy Act vested the trustee in bankruptcy with all the rights, remedies and powers of the judgment creditor holding an execution duly returned unsatisfied, without an action having been brought in the first instance to recover a judgment, it seems to this court by analogy that where an application is made for leave to issue an execution under section 1391 the trustee, being vested with the same rights, duties, and privileges, is entitled to the order without a judgment having been procured.

In *Heppenstall* v. *Baudouine,* 73 Misc. Rep. 121, the court in considering these two remedies says: '' The two remedies are not necessarily inconsistent and should, therefore, be held to be concurrent.'' The motion should be granted, without costs.

Motion granted, without costs.