In the Matter of the Estate of MARY J. HAVEMEYER, Deceased.

Surrogate's Court, New York County, March 22, 1926.

Executors and administrators — accounting — application by trustee in bankruptcy of English court to intervene in proceeding for judicial settlement of account of surviving trustee — beneficiary under spendthrift trust adjudicated bankrupt in England — terms of trust directed its continuation for life of beneficiary — trust has not terminated — comity — rights of foreign trustee not paramount to those of domestic trustees — application denied.

A trustee in bankruptcy, appointed by the High Court of Justice of England, may not intervene in a· proceeding for the judicial settlement of the account of a surviving trustee under a will by which testator set up a spendthrift trust to continue for the life of one of his children, a resident of Great Britain, on the ground that the trust has ceased, and that said trustee is entitled to a portion of the principal thereof, where it appears that said child still is alive. Even if said beneficiary's right to the income had terminated under the terms of the will, the principal goes to others.

Moreover, section 15 of the Personal Property Law and section 103 of the Real Property Law preclude the destruction of trusts of this character, prohibit the assignment of the income by the beneficiary, and limit the right of a judgment creditor of the beneficiary to the special garnishee execution under section 684 of the Civil Practice Act, or by an action in equity to impound the surplus income.

Nor does comity compel courts of this State to recognize the claim of a foreign trustee here, for the remedies under the Bankruptcy Law of England vesting in the trustee not only the income due a bankrupt beneficiary of a spendthrift trust at the commencement of his bankruptcy, but also all future income under the trust up to the time of his discharge, are in derogation of the public policy of this State; the rights of the foreign trustee are not paramount to those of a domestic trustee in bankruptcy.

MOTION on behalf of trustee in bankruptcy to intervene in proceeding for judicial settlement of account of surviving trustee.

*Duer, Strong & Whitehead* [*Orwill V. W. Hawkins* of counsel], for Ernest James, as trustee in bankruptcy for Edythe Havemeyer.

*Hamilton & Freeman* [*Norman C. Conklin* and *William H. Hamilton* of counsel], for Edythe Havemeyer.

*Edwin C. Dusenbury*, for the accounting parties.

FOLEY, S.   This is a motion to intervene in the proceeding for the judicial settlement of the account of the surviving trustee. Under the will separate trusts were created for the children of

testatrix, of whom Edythe Havemeyer is one. The latter is a resident of Great Britain. She was adjudicated a bankrupt and a trustee in bankruptcy was appointed by the High Court of Justice of England on December 11, 1924. This application is made on behalf of the trustee in bankruptcy so appointed.

The trust created for Edythe Havemeyer is a " spendthrift " trust, the terms of which it is unnecessary to set forth. The foreign trustee in bankruptcy contends that the trust for her benefit has ceased, and he seeks to intervene in this accounting for the purpose of having the will construed and a portion of the principal paid to him. The application to intervene is denied, for the following reasons:

(1) By the express terms of the will the trust is to continue for the life of Edythe Havemeyer. She is still alive. The foreign trustee's contention, therefore, that the trust has ceased is incorrect. Even if her right to the income had terminated, none of the principal is payable to Edythe Havemeyer, but under the terms of the will goes to others. (Real Prop. Law, §§ 57, 58; Pers. Prop. Law, § 11; *Matter of Brown*, 154 N. Y. 313, 324.) There would be no intestacy.

(2) The trust accounted for here is one within the scope of section 15 of the Personal Property Law (as amd. by Laws of 1911, chap. 327) and section 103 of the Real Property Law. The public policy of the State is evidenced by these statutes, which preclude the destruction of trusts of this character, prohibit the assignment of the income by the beneficiary, and limit the rights of a judgment creditor of the beneficiary to the special garnishee execution under section 684 of the Civil Practice Act, or by an action in equity to impound the surplus income. The powers granted the foreign trustee in bankruptcy by English law are greatly in excess of those granted to our domestic trustees in bankruptcy. Under the bankruptcy law of England not only the income due a bankrupt beneficiary of a spendthrift trust at the commencement of his bankruptcy, but also all future income under the trust up to the time of his discharge, would vest in the trustee. These powers are in derogation of the public policy of this State. Comity, therefore, does not compel us to recognize the claims of the foreign trustee here. (*Matter of Waite*, 99 N. Y. 433.) The foreign trustee has no better position than that given a domestic trustee in bankruptcy. The latter, under our law, has the rights, remedies and powers of a judgment creditor. (*Jenks* v. *Title Guarantee & Trust Co.*, 170 App. Div. 830; Bankruptcy Law [30 U. S. Stat. at Large, 565], § 70, subd. a, cl. 5; Id.[ 30 id. 557], § 47, subd. a, cl. 2, as amd. by 36 id. 840, § 8.) The latter section, as amended in 1910, provides in part as follows: " * * * and such trustees, as to

all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankrupt court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied." A judgment creditor or a domestic trustee cannot intrude into an accounting proceeding in the Surrogate's Court to enforce rights against the beneficiary of the trust. He does not stand in the shoes of the *cestui* of the trust, and is not a person interested in the trust estate. He must pursue his remedy by garnishee process, or else seek equitable relief by independent action in the Supreme Court in order to reach the excess of income above that required for the beneficiary's support. (*Matter of Ungrich*, 201 N. Y. 415; *Hoye* v. *Hipkins*, 182 App. Div. 901; *Matter of Morris*, 204 Fed. 770; *Matter of Reynolds*, 243 id. 268.)

For the foregoing reasons the separate application of the foreign trustee for leave to file a notice of appearance and demand in the accounting proceeding is also denied.