Louis H. Rowe, as Trustee in Bankruptcy of the Estate of G. Maurice Hecksher, Plaintiff, v. The Farmers' Loan and Trust Company and Others, Defendants.

Supreme Court, New York County, July 20, 1928.

**Trusts — income — action by trustee in bankruptcy of beneficiary to have part of income applied to payment of debts — complaint sufficient — temporary injunction, restraining trustee from paying income to beneficiary, denied — beneficiary restrained from consenting to cancellation or revocation of trust.**

The plaintiff, a trustee in bankruptcy of the beneficiary of a trust, seeks to have applied to the payment of the debts of the bankrupt that portion of the income over and above the amount necessary for the support and education of the bankrupt. The complaint states a good cause of action.

The present motion to restrain the trustee from paying the entire income to the bankrupt, is denied, since that question must be determined on the trial and cannot be determined on a motion. The burden is upon the trustee to show that the amount of the income is not needed by the beneficiary for his support and education in his status in life.

However, in order to preserve and maintain the *status quo* between the parties, the bankrupt is restrained from consenting to the cancellation, revocation or modification of the trust indenture.

Motion by plaintiff for temporary injunction and counter-motion by defendants to dismiss complaint in an action by trustee in bankruptcy to reach surplus income under a certain trust indenture. Plaintiff moves for injunction order pending trial restraining (1) defendants from consenting to the cancellation, revocation or modification of the trust agreement and (2) defendant the Farmers' Loan and Trust Company, from paying to defendant G. Maurice Hecksher and defendant G. Maurice Hecksher from receiving *pro rata* payments of income accrued from said trust in an amount in excess of $12,000 per annum.

*Laughlin, Gerard, Bowers & Halprin* [*Frank C. Laughlin, Stewart W. Bowers* and *Joseph W. Kirkpatrick* of counsel], for the plaintiff.

*Francis Dean*, for the defendant G. Maurice Hecksher.

*Platt, Field & Taylor* [*Arthur C. Patterson* and *Martin Taylor* of counsel], for the defendant August Hecksher.

*Taylor, Blanc, Capron & Marsh*, for the defendant the Farmers' Loan and Trust Company.

FRANKENTHALER, J.  By a trust indenture dated April 29, 1910, defendant August Heckscher transferred certain personal property to defendant the Farmers' Loan and Trust Company, in trust to pay the income thereof to defendant G. Maurice Heckscher during the latter's life.  By the terms of the indenture the grantor reserved the right of revocation provided the consent of the trustee was first obtained, but, as a result of subsequent amendment, this right was made dependent upon his securing the prior consents in writing both of the trustee and of G. Maurice Heckscher.  The present action is brought by the trustee in bankruptcy of the estate of G. Maurice Heckscher to reach that portion of the income of the trust which is alleged to be in excess of the sum necessary for his education and support.  Section 98 of the Real Property Law provides that " Where a trust is created to receive the rents and profits of real property, and no valid direction for accumulation is given, the surplus of such rents and profits, beyond the sum necessary for the education and support of the beneficiary, shall be liable to the claims of his creditors in the same manner as other personal property, which can not be reached by execution."  This section has been held to apply equally to trusts of personal property. (*Williams* v. *Thorn*, 70 N. Y. 270; *Tolles* v. *Wood*, 99 id. 616; *Wetmore* v. *Wetmore*, 149 id. 520; *Mills* v. *Husson*, 140 id. 99.) At one time it was held that a trustee in bankruptcy could not exercise the rights of a judgment creditor and invoke this statute. It is now, however, settled that a subsequent amendment of the Bankruptcy Act, which vests a trustee in bankruptcy with all the rights, remedies and powers of a judgment creditor holding an execution duly returned unsatisfied, permits the maintenance of such an action by a trustee in bankruptcy.  (*Jenks* v. *Title Guarantee & Trust Co.*, 170 App. Div. 830; *Matter of Reynolds*, 243 Fed. 268.  See *Matter of Poskanzer*, 101 Misc. 100; affd., on opinion below, 181 App. Div. 915.)  The complaint here alleges the appointment of the plaintiff as trustee in bankruptcy; the receipt by defendant G. Maurice Heckscher of more than $40,000 per year as net income under the trust indenture; the ability of said Heckscher to earn his own livelihood and to maintain those dependent upon him, and the receipt by him of income from other sources.  It is further set forth that the sum of $12,000 per year is ample to provide for his proper education and support and that there is, therefore, an annual surplus of at least $28,000 available for the payment of the claims of creditors.  It seems to me that the complaint states a good cause of action and that the motion of defendant G. Maurice Heckscher to dismiss the same for insufficiency must be denied.  Plaintiff's motion for a temporary

injunction restraining the trustee from paying G. Maurice Heck-scher more than $12,000 per annum must, however, also be denied-The question of what amount is reasonably necessary for the education and support of the beneficiary of a trust fund would appear to be peculiarly the subject of investigation upon a trial. Even if it be assumed that the court may in a proper case determine this question upon affidavits submitted on a motion for a temporary injunction, it, nevertheless, seems to me that the plaintiff here has failed to establish his right to the relief prayed for. The evidence preponderates in favor of the contention of defendant G. Maurice Heckscher that his support in the manner to which he has been accustomed would require an expenditure considerably in excess of the net income from the trust. At any rate, plaintiff has the burden of establishing the existence of a surplus beyond the needs of the beneficiary in accordance with his station in life, previous education and habits and means of support. (*Demuth* v. *Kemp*, 159 App. Div. 422; affd., 216 N. Y. 757; *Graff* v. *Bonnett*, 31 id. 9. See, also, *Wetmore* v. *Wetmore, supra,* 531.) It may be that he will sustain this burden upon the trial of the action, but on the papers now before me he has failed to do so. The court should be extremely hesitant to grant plaintiff relief which will deprive the beneficiary of a substantial portion of income established for him by a third party, and compel him to reduce his scale of living to fit an arbitrary estimate furnished by plaintiff, which may prove entirely inadequate upon the trial of the action. It remains to consider one other aspect of plaintiff's present application, viz., his motion for an injunction *pendente lite* restraining the trustee and the beneficiary from consenting to the cancellation, revocation or modification of the trust indenture. As the trustee in bankruptcy is entitled to reach the surplus, if any, beyond the needs of the bankrupt for his education and support, it must follow that a consent by the latter to a revocation of the trust indenture would be tantamount to a fraud upon his creditors in a case where such a surplus exists. Undoubtedly, G. Maurice Heckscher would have no right to cancel a debt or other obligation due him, and it is difficult, therefore, to perceive why his rights with respect to the trust fund should be any different or greater. The right of a creditor to release a claim should not stand on a different footing from that of the beneficiary of a trust fund to consent to the revocation of the trust indenture, where such consent is necessary to render the revocation effective. In order to preserve and maintain the *status quo* so that plaintiff, if successful upon the trial, may not find his rights seriously jeopardized by a prior revocation of the trust agreement, plaintiff's motion will be granted to the

extent of restraining G. Maurice Heckscher from consenting to the cancellation, revocation or modification of the trust indenture. No harm or prejudice can come to the defendants as a result. In so far as injunctive relief is sought against the defendant trustee, the motion is, however, denied. Settle order.