CROSSMAN COMPANY, Respondent, *v.* FLORENCE H. RAUCH, Appellant.

First Department, May 12, 1933.

*Thomas J. Kavanagh,* for the appellant.

*William E. Vogel* of counsel [*Joseph T. King* with him on the brief; *Burke & Burke,* attorneys], for the respondent.

*Albert Hirst* of counsel [*Morris A. Marks* with him on the brief; *Albert Hirst,* attorney], for New York State Life Underwriters Association, *amicus curiæ.*

MARTIN, J. The insured secured a policy of life insurance from the Travelers Insurance Company of Hartford, Conn. At the time of the issuance of the policy, an agreement was entered into between the insurance company and the insured which is in part as follows: " It is agreed that The Travelers Insurance Company, Hartford, Connecticut, shall receive such proceeds of the above contract as the Beneficiary hereinabove named shall become entitled to, if not less than One Thousand Dollars, and in consideration thereof shall pay at the Home Office of the Company at Hartford, Connecticut, to the said Beneficiary the installments hereinabove set forth, the first such installment to be paid immediately on receipt of due proof of the death of the Insured hereinabove named during the continuance of the contract."

The installments referred to above consisted of insurance payable in 240 monthly installments, each of $6.25 per $1,000 of proceeds.

This contract was entered into in pursuance of section 15 of the Personal Property Law, which provides that the proceeds of the policy may be left with the insurance company under a trust or other agreement, and that the proceeds accruing thereunder after the death of the insured shall not be transferable nor subject to commutation or incumbrance, nor to legal process except in an action to recover for necessaries, *if the parties to the trust or other agreement so agree.*

The parties agreed as follows: " The *proceeds* received in trust by the Company are not transferable, subject to encumbrance, nor to legal process.

" The proceeds received by the Company under this agreement shall be invested with its general corporate funds as a part thereof in securities in which such corporate funds may be invested."

The Personal Property Law gives the parties a right to make an agreement exempting the *proceeds* of the policy from transfer, incumbrance or legal process. The important feature of this controversy is the exact nature of the agreement that was entered into between the Travelers Insurance Company and the insured.

On this appeal we are not dealing exclusively with the proceeds of the policy that were paid over when the insured died, but also with the income derived from the policy because of investments made by the insurance company. Nothing whatever is said in the agreement entered into between the parties about the income from such investments. Under the agreement the proceeds of the policy are " not transferable, subject to encumbrance, nor to legal process." We are, however, also dealing with the income earned on the proceeds.

The income from a trust fund or a part thereof may be subject to garnishment by a creditor of the defendant.

In *Brearley School* v. *Ward* (201 N. Y. 358) the court held that under certain circumstances the income from a trust fund was subject to garnishment. In a somewhat similar case (*Judis* v. *Martin,* 218 App. Div. 402) this court held to the same effect.

In *Matter of Havemeyer* (127 Misc. 197) the court said: " The trust accounted for here is one within the scope of section 15 of the Personal Property Law (as amd. by Laws of 1911, chap. 327) and section 103 of the Real Property Law. The public policy of the State is evidenced by these statutes, which preclude the destruction of trusts of this character, prohibit the assignment of the income by the beneficiary, and limit the rights of a judgment creditor of the beneficiary to the special garnishee execution under section 684

of the Civil Practice Act, or by an action in equity to impound the surplus income."

The court must construe the agreement before it and not make a new agreement which will be more satisfactory to one of the parties. It is not hair-splitting to give the language of the statute and the agreement the ordinary construction that would be given to such language in any contract. The agreement speaks of proceeds of an insurance policy received in trust by the company as not being transferable, subject to incumbrance or to legal process. It then states that the proceeds received by the company under this agreement shall be invested.

While it is true that the proceeds of the policy retained by the insurance company under the agreement may not be garnisheed because of the agreement made between the parties pursuant to section 15 of the Personal Property Law, it is also true that the money earned on the proceeds of said trust fund which is not referred to in said agreement and with reference to which the parties did not contract, is subject to garnishment.

The order so far as appealed from should be affirmed, with twenty dollars costs and disbursements to the respondent.

McAvoy and Townley, JJ., concur; Finch, P. J., and O'Malley, J., dissent.

Finch, P. J. (dissenting). It seems clear to me that the intention of the parties to this contract of insurance was to apply all the proceeds of this policy of insurance for the support of the beneficiaries free from the claims of creditors. When the parties made this contract, there were no creditors with whom the parties were bargaining, so that the language of the contract was not wrung from unwilling creditors. In consequence it seems unnaturally hair-splitting to me to attempt to divide up the content of the phrase " proceeds of the policy " between different kinds of income accruals, holding that one kind is free from claims of creditors and another kind of income is not. All the proceeds issue out of the fund created by this insurance policy. The average person does not think in terms so technical and the law is dealing with the acts and doings of average persons and should treat them as such.

O'Malley, J., concurs.

Order so far as appealed from affirmed, with twenty dollars costs and disbursements.