In the Matter of IRVING TRUST COMPANY, as Trustee of
the Bankrupt Estate of WILLIAM A. LEVY, Appellant.
CENTRAL HANOVER BANK AND TRUST COMPANY et al.,
as Trustees, et al., Respondents.

(Argued February 25, 1935; decided April 16, 1935.)

*Julius M. Arnstein* and *Joseph Dannenberg* for appellant.

104

*David L. Charal, Alexander S. Natanson* and *Samuel L. Scholer* for William A. Levy, respondent.

*T. R. Iserman* for Central Hanover Bank and Trust Company, respondent.

Hubbs, J. William A. Levy was adjudicated a bankrupt on December 2, 1933. Irving Trust Company, the appellant, was appointed trustee on December 21, 1933, and on February 21, 1934, the bankrupt was granted a discharge. On March 20, 1934, the appellant moved under section 684 of the Civil Practice Act for an order directing execution to issue against the income from three spendthrift trusts of which the bankrupt is beneficiary, the income of which amounts to upwards of $6,900 under present financial conditions. Such income was not listed as an asset by the bankrupt and is and has been sufficient to maintain the bankrupt and his family without the necessity of his working for a living. At the time when the motion was made, claims had been filed and allowed in the bankruptcy proceeding in the aggregate amount of $2,389.09, and the total amount of claims filed and allowed prior to expiration of the period for filing claims aggregated $14,738.47.

The motion was granted at Special Term to the extent of funds which came into the hands of the trustees of the trust funds prior to the date of the discharge from bankruptcy of the said William A. Levy, but denied as to all funds received by the trustees of the trust funds after that date.

Appellant appealed from so much of the order as denied part of the relief sought and the bankrupt appealed from so much thereof as granted part of the relief sought.

The Appellate Division modified the order of the Special Term by reversing that part of the order which permitted garnishment of funds coming into the hands of the trustee prior to February 21, 1934, the date of the discharge and affirmed as to the balance.

The question presented on this appeal is as to whether a trustee in bankruptcy, by a garnishee proceeding under section 684 of the Civil Practice Act brought subsequent to the bankrupt's discharge, can reach income, from trust funds in the hands of the trustee of those funds, received by such trustee after the adjudication in bankruptcy.

Section 684 provides in part as follows:

" Where a judgment has been recovered and where an execution issued upon said judgment has been returned wholly or partly unsatisfied, and where any * * * income from trust funds * * * are due and owing to the judgment debtor or shall thereafter become due and owing to him, to the amount of twelve dollars or more per week, the judgment creditor may apply to the court in which said judgment was recovered or the court having jurisdiction of the same without notice to the judgment debtor, and upon satisfactory proof of such facts by affidavits or otherwise the court, * * * if a court of record, a judge or justice, must grant an order directing that an execution issue against the * * * income from trust funds * * * of said judgment debtor, * * * * and on presentation of such execution by the officer to whom delivered for collection to the person or persons from whom such * * * income from trust funds * * * are due and owing or may thereafter become due and owing to the judgment debtor, said execution shall become a lien and a continuing levy upon the * * * income from trust funds * * * due or to become due to said judgment debtor to the amount specified therein which shall not exceed ten per centum thereof, and said levy shall be a continuing levy until said execution and the expenses thereof are fully satisfied and paid."

There can be no doubt that income from trust funds is now subject to garnishee orders granted upon motion of judgment creditors whose executions have been returned in whole or part unsatisfied. (*Brearley School* v. *Ward*, 201 N. Y. 358.) (Cf. *Judis* v. *Martin*, 218 App. Div. 402;

appeal dismissed, 244 N. Y. 605; *Crossman Co.* v. *Rauch*, 238 App. Div. 299; revd. on another ground, 263 N. Y. 264.)

The Bankruptcy Act (Mason's U. S. Code, tit. 11, ch. 5, § 75), section 47, subdivision a (2), provides that a trustee in bankruptcy " as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies and powers of a judgment creditor holding an execution duly returned unsatisfied." Courts of this State have recognized and enforced the rights given to a trustee in bankruptcy by section 47, subdivision a (2), of the Bankruptcy Law. (*Matter of Poskanzer*, 101 Misc. Rep. 100; affd., 181 App. Div. 915; *Matter of Havemeyer*, 127 Misc. Rep. 197.) (Cf. *Rowe* v. *Farmers' Loan & Trust Co.*, 132 Misc. Rep. 651; *Matter of Rosenblatt*, 235 App. Div. 812.) Likewise its effectiveness has been declared by the Federal courts. (*Matter of Morris*, 204 Fed. Rep. 770; *Matter of Reynolds*, 243 Fed. Rep. 268.) Moreover, the right of a trustee in bankruptcy to garnishee income of trust funds is unaffected by the discharge of the bankrupt. (See *Matter of Poskanzer*, *supra; Matter of Morris*, *supra; Jenks* v. *Title Guarantee & Trust Co.*, 170 App. Div. 830; *Matter of Reynolds*, *supra*.)

The respondents contend that this is not a final order in a special proceeding and, therefore, is not appealable as a matter of right. In that, the respondents are in error. The appeal is properly taken without permission under section 588 of the Civil Practice Act, subdivision 1, which states in part: " As of right from [an] * * * order entered upon the decision of an Appellate Division of the Supreme Court which finally determines [a] * * * special proceeding * * * where the * * * order is one of * * * modification."

The proceeding here is not a proceeding in an action but a proceeding of garnishment under a special statute. The trustee in bankruptcy has instituted no action. He moved for the order by notice of motion at Special Term

under the authority of section 47, subdivision a (2) of the United States Bankruptcy Act. In *Pistchal* v. *Durant* (216 N. Y. 644), cited in support of respondents' contention, the court held as to a garnishee order based upon a judgment previously rendered in an action, that the order appealed from was not a final order in the action and hence not appealable without permission. That case is not authority for the respondents under the facts here presented.

The respondents contend further that no distinction is to be drawn between income from trust funds and salary, wages and earnings. With that premise as a basis they contend that a discharge in bankruptcy frees the salary and income of a bankrupt from the effect of a garnishee execution relating back to the date of adjudication, citing authorities which sustain the proposition that a discharge frees the salary of a bankrupt earned subsequent to the adjudication. A distinction is to be drawn between income from trust funds and wages. The one is the product of an asset in existence at the date of the adjudication, the other the product of the subsequent effort of the bankrupt. The effectiveness of the former, the so-called spendthrift trust, which prior to the inclusion of the provision with respect to income from trust funds in section 1391 of the Code of Civil Procedure, now section 684 of the Civil Practice Act, had the effect of permitting the evasion of claims of creditors, has been largely nullified by that change in our law, as pointed out in *Brearley School* v. *Ward* (*supra*). We see no reason, in law or upon principle, why the relief afforded by that section to judgment creditors should be withheld from a trustee in bankruptcy as the representative of the creditors of a bankrupt.

The orders should be reversed and the motion granted, with costs in all courts.

CRANE, Ch. J., LEHMAN, O'BRIEN, CROUCH and LOUGHRAN, JJ., concur; FINCH, J., not sitting.

Orders reversed, etc.